1    Elayna J. Youchah, Bar #5837
      youchahe@jacksonlewis.com
2    **JACKSON LEWIS P.C.**
      3800 Howard Hughes Pkwy, Suite 600
3    Las Vegas, Nevada 89169
      Tel: (702) 921-2460
4    Fax: (702) 921-2461

5    *Attorneys for Defendant*

6

7                 **UNITED STATES DISTRICT COURT**

8                     **DISTRICT OF NEVADA**

9    SUSAN WYATT, an individual,         Case No.

10            Plaintiff,

11       vs.                        **NOTICE TO FEDERAL COURT OF**
                                      **REMOVAL OF CIVIL ACTION FROM**
12    SEARS, ROEBUCK AND CO., a foreign    **STATE COURT**
      corporation; DOES I-X; ROE
13    CORPORATIONS I-X;

14             Defendants.

15       TO THE ABOVE ENTITLED COURT:

16       NOTICE IS HEREBY GIVEN that Defendant Sears, Roebuck and Co. ("Defendant"),

17 hereby removes the above entitled action from the Eighth Judicial District Court in and for the

18 County of Clark to the United States District Court in and for the District of Nevada based on

19 federal question and diversity jurisdiction.  In support of this notice of removal, Defendant states

20 to the Court as follows:

21       1.       On October 31, 2015, an action was commenced in the Eighth Judicial District

22 Court of Clark County, Nevada entitled *Susan Wyatt v. Sears, Roebuck and Co.*, Case No. A-15-

23 727017-C.  A copy of the Complaint is attached hereto as **Exhibit A**.

24       2.       Defendant was served on November 18, 2015 with a copy of the Complaint and a

25 Summons issued by the state court on or about November 6, 2015.  A copy of the Summons is

26 attached hereto as **Exhibit B**.

27

28

3.      This Notice of Removal is being filed within thirty (30) days of the receipt of any pleadings setting forth the claim for relief upon which the action is based and is, therefore, timely under 28 U.S.C. § 1446(b).

4.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action arising under the Constitution, laws, or treaties of the United States.  Specifically, Plaintiff alleges conduct in violation of Title VII, 42 U.S.C. § 2000 *et seq*; the Americans with Disabilities Act of 1990, as amended, 42 U.S. C. § 12101 *et seq.*; and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*  The Court has supplemental jurisdiction over any separate and independent claims as provided in 28 U.S.C. § 1441(c).

5.      This case is also properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and the Defendant is not a citizen of the State of Nevada, but is a corporation formed under the law of the State of New York, with its principal place of business in Illinois.  Plaintiff is a citizen of Nevada.  Thus, complete diversity exists.

6.      Venue is proper in this Court as this is the court for the district and division embracing the place where the action is pending in state Court.  28 U.S.C. § 108.

WHEREFORE, Defendant prays that the above referenced action now pending in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark be removed therefrom to this Court.

Dated this 8th day of December, 2015.

JACKSON LEWIS P.C.

_____/s/ Elayna J. Youchah_____
Elayna J. Youchah, Bar #5837
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 8th day of December, 2015, I caused to be served via the Court's CM/ECF Filing, a true and correct copy of the above foregoing **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** properly addressed to the following:

George F. Hand
Steven C. Devney
HAND & SULLIVAN, LLC
3442 North Buffalo Drive
Las Vegas, Nevada 89129

*Attorneys for Plaintiff*

                                           _/s/ Emily Santiago_
                                         Employee of Jackson Lewis P.C.

# EXHIBIT A

# EXHIBIT A

Electronically Filed
10/31/2015 01:03:19 PM

1  **COMP**
   George F. Hand, Esq.
2  Nevada State Bar No. 8483
   ghand@handsullivan.com
3  Steven C. Devney, Esq.
   Nevada State Bar No. 12728
4  sdevney@handsullivan.com
   hsadmin@handsullivan.com
5  HAND & SULLIVAN, LLC
   3442 North Buffalo Drive
6  Las Vegas, Nevada 89129
   Telephone: (702) 656-5814
7  Facsimile:  (702) 656-9820

8  Attorneys for Plaintiff, Susan Wyatt

9

                          **DISTRICT COURT**
10
                      **CLARK COUNTY, NEVADA**
11

12
   SUSAN WYATT, an individual,          )  CASE NO.: A-15-727017-C
13                                       )
                Plaintiff,               )  DEPT NO.:  XVII
14       vs.                             )
                                         )
15 SEARS, ROEBUCK AND CO., a foreign     )
   corporation; DOES I-X; ROE CORPORATIONS )
16 I-X;                                  )  **COMPLAINT**
                                         )
17              Defendants.              )
                                         )
18 ─────────────────────────────────────

19       **COMES NOW**, Plaintiff SUSAN WYATT (herinafter, "Plaintiff" or "Ms. Wyatt"), by and

20 through her counsel, George F. Hand. Esq. and Steven C. Devney, Esq. of Hand & Sullivan, LLC,

21 and hereby complains and alleges as follows:

22                                   **PARTIES**

23       1.    At all times relevant hereto, Plaintiff, an adult female over the age of 40 and residing

24 in Clark County, Nevada was an employee of the Defendant Employer identified in Paragraph 2 of

25 this Complaint within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42

26 U.S.C. Sections 2000e, et seq., Americans with Disabilities Act of 1990, and the Age

27 Discrimination in Employment Act of 1967, as amended.

28 ///

                              CLERK OF THE COURT

2.      Upon Information and belief, at all times relevant hereto, Defendant SEARS ROEBUCK AND CO. (hereinafter "Sears" or "Defendant Employer") is and was a corporation or similar business entity organized and existing under the law of the State of Illinois, and which was licensed in Nevada and regularly conducted business in Nevada.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through V, inclusive, and ROE CORPORATIONS I through V, inclusive, are unknown to the Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a Does I through V, inclusive, and/or Roe Corporations I through V, inclusive, is responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff as herein alleged, and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of Defendants DOE and/or ROE CORPORATION when the same have been ascertained by Plaintiff, together with appropriate charging allegations, and adjoin such Defendants in this action.

4.      Upon information and belief, unless otherwise noted, the acts, incidents and events leading to this action occurred in Clark County, Nevada.

**ADMINISTRATIVE PREREQUISITES**

5.      Ms. Wyatt has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

6.      Ms. Wyatt timely filed a formal charge of discrimination jointly with the Nevada Equal Rights Commission (hereinafter "NERC," Claim #0220-15-0115L) and the US Equal Employment Opportunity Commission (hereinafter "EEOC," Claim #34B-2015-00331).

7.      Ms. Wyatt promptly and diligently accommodated all EEOC and NERC requests for information and fully cooperated in the agencies' investigation of this matter, if any.

8.      Ms. Wyatt has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Ms. Wyatt received a Notice of Right to Sue from EEOC (attached as Exhibit 1) which was purportedly mailed on August 4, 2015

2

1   and received by Ms. Wyatt on or about August 6, 2016.

2   **FACTUAL ALLEGATIONS**

3   9.   Ms. Wyatt was hired by SEARS in the State of Arizona as a Customer Service

4   Advisor (herinafter "CSA") in December of 2010 at the age of 62.

5   10.   Ms. Wyatt transferred to Sears Auto Center in Las Vegas, Nevada in August, 2012

6   with no gap in employment.

7   11.   At the time of her termination on or about December 5, 2014 Ms. Wyatt was 66, and

8   the oldest employee in the work group.

9   12.   Upon information and belief, Defendant SEARS is an employer within the meaning

10   of NRS 613.310, 42 U.S.C. §§ 12111(5) and a covered entity within the meaning of 42 U.S.C §

11   1211(2) and C.F.R. §1630.2.

12   13.   At all relevant times, all matters regarding compensation, terms, conditions, rights

13   and privileges of Ms. Wyatt's employment were governed and controlled by Defendant SEARS.

14   14. At all relevant times, Ms. Wyatt adequately and completely performed all of the

15   functions, duties and responsibilities of her employment with SEARS.

16   15.   Ms. Wyatt worked as a Customer Service Advisor (hereinafter "CSA") in the Sears

17   Auto Center located on Maryland Parkway in Las Vegas, Nevada. Her duties were to interact with

18   customers, answer their questions, promote and sell SEARS products and services, and conduct the

19   sale or purchase transaction.

20   16.   The department consisted of four or five Customer Service Advisors, and a

21   manager, Gowayne Crisistomo (hereinafter Crisistomo).

22   17.   Crisistomo was directly responsible for the hiring, training, supervision,

23   performance, assignments, schedule, rewards and recognition, and most daily aspects of all the

24   CSA's in the department, including involuntary termination.

25   18.   Upon information and belief, other than Ms. Wyatt and one other CSA, John Friel,

26   all the CSA's at SEARS were approximately 30 years old or younger.

27   19.   During Ms.Wyatt's entire employment at the Nevada location, from August 2012 to

28   December 2014, SEARS' manager Crisistomo routinely and repeatedly made negative comments

3

1   and degrading jokes about Ms. Wyatt's age; such as "Sue's first car was a Model T Ford."

2   Crisistomo made these comments in front of customers and Ms. Wyatt's co-workers.

3          20.    Crisistomo also repeatedly commented that Ms. Wyatt was too slow, and at least

4   once he even physically pushed her away from her customer and completed the transaction himself.

5   Ms. Wyatt's performance record proves she was performing as well or better than the other CSA's,

6   and Crisistomo's comments about being too slow were entirely intended to humiliate her because

7   of her age.

8          21.    Crisistomo's unwelcome comments were severe and pervasive, which made Ms.

9   Wyatt feel extremely distressed, insecure about her employment, and had a significant negative

10  impact on her ability to perform her duties. On or about October 20, 2014, when the store started to

11  get busy, Ms. Wyatt became so fearful of Crisistomo's comments that she had a severe stress and

12  anxiety attack and was transported from work by ambulance and was admitted to a hospital.

13         22.    Ms. Wyatt is an individual with a disability within the meaning of NRS 613.310, 42

14  U.S.C. § 12102 and 29 C.F.R. § 1630.2. Ms. Wyatt has Bi-Polar disorder, and as a result she is

15  substantially limited in the major life activities of thinking, concentrating, interacting with others,

16  and performing manual tasks.

17         23.    Ms Wyatt disclosed her disability to Defendant SEARS when she was hired in 2010,

18  and to her supervisor in her new location when she transferred to Nevada in 2012.

19         24.    Ms. Wyatt asked for a single accommodation from her manager, Crisistomo. As a

20  part time worker with a variable schedule, Ms. Wyatt asked not to be scheduled on Wednesdays, so

21  she could schedule and attend her medical appointments reliably. Crisistomo accommodated this

22  request most of the time, but on several occasions he scheduled Ms. Wyatt on Wednesdays and Ms.

23  Wyatt worked those days without complaint.

24         25.    Crisistomo regularly made negative comments about Ms. Wyatt's disability. In

25  November 2014 Ms. Wyatt was attending a staff meeting with her coworkers, chaired by

26  Crisistomo. In front of all the other employees in the department, Crisistomo told Ms. Wyatt "you

27  need to work on your attitude. My sister is also bi-polar and she does not act like you."

28         26.    SEAR's manager Crisistomo allowed and encouraged his department to act like a

                                                4

1  boys club, creating a hostile work environment for Ms. Wyatt, which severely impacted her ability
2  to perform her duties.

3       27.    Crisistomo and the other male CSA's routinely watched pornographic videos on
4  their phones or other devices while on duty and on breaks. Even though Ms. Wyatt made clear to
5  them she was offended, they made comments to her about the videos, and tried to get her to watch
6  the videos.

7       28.    Crisistomo and the other male CSA's also routinely made sexual and racial
8  comments about customers and other employees in front of, and to Ms. Wyatt. Even though Ms.
9  Wyatt informed Crisistomo that these comments were offensive to her, the comments continued.

10      29.    Crisistomo also allowed and encouraged discriminatory comments and actions in the
11 department, specifically regarding race and sexual orientation.

12      30.    Crisistomo told Ms. Wyatt that he would never hire a black person, and he even had
13 a known code word so he could disparage black people in front of them, calling them "Canadians."

14      31.    Crisistomo also made repeated and routine discriminatory comments about
15 homosexuals, commonly calling customers "dyke" and "fag" based on their appearance. When Ms.
16 Wyatt's son visited her at work, Crisistomo even made negative comments about her son, and
17 asked if he was gay.

18      32.    Crisistomo made it clear that his employees were expected to participate in the
19 discriminatory racial and sexual comments and actions. He treated the employees who participated,
20 those in the "boys club," much better than Ms. Wyatt, who made it clear she was offended by their
21 actions.

22      33.    On or about December 5, 2014, SEARS terminated Ms. Wyatt's employment,
23 allegedly due to company reorganization. However, Crisistomo told Ms. Wyatt "it is those
24 Wednesdays" as the reason she was terminated, indicating the accommodation she had requested
25 for her disability.

26      34.    There were two employees in the department terminated during the reorganization.
27 Ms. Wyatt, who was 66 years old, and John Friels, who was also in his 60's. None of the younger
28 CSA's were let go.

35.    Ms. Wyatt regularly performed better than the younger CSA's who were in the "boys club," with higher sales figures that showed she was one of the best CSA's in the department, and even the region.

## FIRST CAUSE OF ACTION
### Age Discrimination

36.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

37.    Ms. Wyatt is a member of a class protected under Title VII, the ADEA, and NRS 613.310 et. seq. against age-based discrimination by her employer or its supervisory personnel.

38.    SEARS knew or should have known of the conduct of its managers in condoning and engaging in harassing and discriminatory conduct toward Ms. Wyatt.

39.    SEARS, as an employer, has a well defined and long standing obligation to maintain a workplace free of harassment and discrimination based on age.

40.    SEARS failed to take reasonable and adequate steps to prevent age discrimination and harassment in its workplace, and specifically against Ms. Wyatt.

41.    SEARS' manager, Crisistomo unlawfully harassed Ms. Wyatt by repeatedly making comments about her being too slow, and making negative jokes about her age, in front of customers and employees.

42.    SEARS unlawfully violated the ADEA when they terminated Ms. Wyatt based on her age, while they did not terminate younger employees with less seniority and inferior performance.

43.    The above described acts of Defendant SEARS were wanton, willful, malicious, and done with a conscious disregard for Ms. Wyatt's federally protected rights.

44.    Ms. Wyatt has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated for those losses.

6

45.    Ms. Wyatt has found it necessary to retain the services of counsel and should therefore be reimbursed her reasonable fees and costs.

## SECOND CAUSE OF ACTION
### Americans With Disabilities Act

46.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

47.    Ms. Wyatt is a member of a class protected under the Americans with Disabilities Act of 1990 (hereinafter "ADA") and NRS 613.310 et. seq. against discrimination based on disability by an employer or its supervisory personnel.

48.    Ms. Wyatt informed her employer and her immediate supervisor/manager of her disability and requested a reasonable accommodation.

49.    SEARS knew or should have know if its well defined and long standing obligation to grant reasonable accommodations to employees with disabilities.

50.    SEARS unlawfully violated the ADA and NRS 613.330 when they terminated Ms. Wyatt because of her disability instead of granting her a reasonable accommodation.

51.    The above described acts of Defendant SEARS were wanton, willful, malicious, and done with a conscious disregard for Ms. Wyatt's federally protected rights.

52.    Ms. Wyatt has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated for those losses.

53.    Ms. Wyatt has found it necessary to retain the services of counsel and should therefore be reimbursed her reasonable fees and costs.

## THIRD CAUSE OF ACTION
### Hostile Work Environment

54.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

55.    Ms. Wyatt is a member of a class protected under Title VII, the ADEA, the ADA,

7

1  and NRS 613.310 et. seq. against discrimination in the workplace against an employee based on

2  race, color, religion, sex, or national origin.

3      56.    SEARS knew or should have known of its well defined and long standing

4  obligations under the above named acts to maintain a workplace free of harassment and

5
6  discrimination.

7      57.    SEARS failed to properly take steps to prevent harassment and a hostile work

8  environment in its stores through lack of proper training and supervision.

9      58.    SEARS' manager Crisistomo created a hostile work environment for Ms. Wyatt

10  though severe and pervasive conduct that a reasonable person would consider intimidating,

11  threatening, hostile or abusive.

12      59.    The hostile work environment allowed by SEARS and created by manager

13  Crisistomo caused Ms. Wyatt to feel threatened, harassed, intimidated, and abused and severely

14
15  impacted her ability to perform her normal duties and made her insecure about her continued

16  employment.

17      60.    SEARS violated Title VII and NRS 613.330 when they terminated Ms. Wyatt, after

18  abuse and harassment, in part because Ms. Wyatt did not participate in the offensive and illegal

19  conduct.

20      61.    The above described acts of Defendant SEARS were wanton, willful, malicious, and

21
22  done with a conscious disregard for Ms. Wyatt's federally protected rights.

23      62.    Ms. Wyatt has suffered financial loss as a direct result of said illegal conduct and is

24  entitled to be fully compensated for those losses.

25      63.    Ms. Wyatt has found it necessary to retain the services of counsel and should

26  therefore be reimbursed her reasonable fees and costs.

27  / / /

28

8

## PRAYER FOR RELIEF

WHERFORE, Plaintiff prays for the following relief:

1. A trial by jury on all issues;

2. Damages in excess of Ten Thousand Dollars ($10,000) including but not limited to:

3. All employment related losses, including but not limited to back pay, front pay, and benefits subject to proof;

4. All compensatory, special and general damages allowed by law;

5. Attorney's fees and costs of suit incurred herein;

6. Prejudgment and post judgment interest;

7. Punitive damages in an amount sufficient to punish and deter Defendant from engaging in any such conduct in the future and as an example to other employees mot to engage in such conduct; and

8. For such other and further relief as the Court shall deem just and proper.


Dated this _31_ day of October, 2015          By: _____

George F. Hand, Esq.
Nevada Bar No. 8483
Steven C. Devney, Esq.
Nevada Bar No. 12728
3442 North Buffalo Drive
Las Vegas, Nevada 89129
*Attorneys for Plaintiff*

C:\Users\cdevney\Desktop\SCD Docs\Complaint - Wyatt.doc

# EXHIBIT 1

EEOC Form 161-B (11/09)

**U.S. Equal Employment Opportunity Commission**

## Notice of Right to Sue *(Issued on Request)*

| To: | Susan Wyatt<br>P.O. Box 620632<br>Las Vegas, NV 89162 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br><br>Los Angeles, CA 90012 |

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2015-00331 | **Karrie L. Maeda,**<br>**State & Local Coordinator** | **(213) 894-1100** |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

|  | More than 180 days have passed since the filing of this charge. |
| [X] | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
|  | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

| [X] | The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|  | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

_____
**Rosa M. Viramontes,**
**District Director**

August 4, 2015
*(Date Mailed)*

Enclosures(s)

cc:  Jonathan Fogel
Fair Employment Consultant
SEARS HOLDINGS MGMT
1255 Pennsylvania St. #301
Denver, CO 80203

Steven C. Devney
THE DEVNEY LAW FIRM
1109 Via Fratelli
Henderson, NV 89052

# EXHIBIT B

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
11/18/2015
CT Log Number 528188761

**TO:**  Legal Intake B6-263B
Sears Holdings Corporation
3333 Beverly Rd
Hoffman Estates, IL 60179-0001

**RE:**  **Process Served in Nevada**

**FOR:**  Sears, Roebuck and Co.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SUSAN WYATT, etc., Pltf. vs. SEARS, ROEBUCK AND CO., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Exhibit(s), Disclosure |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A15727017C |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Age |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/18/2015 at 13:30 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | George F. Hand<br>Hand & Sullivan, LLC<br>3442 N. Buffalo Drive<br>Las Vegas, NV 89129<br>702-656-5814 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/19/2015, Expected Purge Date: 11/24/2015<br><br>Image SOP<br><br>Email Notification, Legal Intake B6-263B  legalint@searshc.com |
| **SIGNED:** | The Corporation Trust Company of Nevada |
| **ADDRESS:** | 701 S Carson St.<br>Suite 200<br>Carson City, NV 89701-5239 |
| **TELEPHONE:** | 314-863-5545 |

Page 1 of  1 / KG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

```
 1  SUMM
    George F. Hand, Esq.
 2  Nevada State Bar No. 8483
    ghand@handsullivan.com
 3  Steven C. Devney, Esq.
    Nevada State Bar No. 12728
 4  sdevney@handsullivan.com
    hsadmin@handsullivan.com
 5  HAND & SULLIVAN, LLC
    3442 North Buffalo Drive
 6  Las Vegas, Nevada 89129
    Telephone:  (702) 656-5814
 7  Facsimile:   (702) 656-9820

 8  Attorneys for Plaintiff, Susan Wyatt

 9
                        DISTRICT COURT
10
                   CLARK COUNTY, NEVADA
11

12
    SUSAN WYATT, an individual,          )  CASE NO.: A-15-727017-C
13                                       )
               Plaintiff,                )  DEPT NO.: XVII
14                                       )
          vs.                            )
15  SEARS, ROEBUCK AND CO., a foreign    )
    corporation; DOES I-X; ROE CORPORATIONS )
16  I-X;                                 )  SUMMONS
                                         )
17              Defendants.              )
                                         )
18  _____)

19
20  NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU
    WITHOUT YOUR BEING HEARD, UNLESS YOU RESPOND WITHIN 20 DAYS.  READ
    THE INFORMATION BELOW.
21
22  TO THE DEFENDANT:    A civil Complaint has been filed by the Plaintiffs against you for the
    relief set forth in the Complaint.
23
24            SEARS, ROEBUCK AND CO.

25       1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on
    you, exclusive of the day of the service you must do the following:
26
          a.    File with the Clerk of this Court, whose address is shown below, a formal written
27
    response to the Complaint in accordance with the rules of the Court with the appropriate filing fee.
28
```

1    b.    Serve a copy of your response upon the attorney whose name and address is shown

2  below.

3    2.    Unless you respond, your default will be entered upon application of the Plaintiff

4  and this Court may enter a judgment against you for the relief demanded in the Complaint, which

5  could result in the taking of money or property, or other relief requested in the Complaint

6    3.    If you intend to seek the advice of an attorney in this matter, you should do so

7  promptly so that your response may be filed on time.

8    4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board

9  members, commission members and legislators, each have 45 days after service of this Summons

10  within which to file an Answer or other responsive pleading to the Complaint.

11  Issued at the direction of:                                CLERK OF THE COURT

12

13  _Chr_____

14  GEORGE F. HAND, ESQ.                          _____  NOV 06 2015
   Nevada State Bar No. 8483                      TERRI STRINGER
15  STEVEN C. DEVNEY, ESQ.                         DEPUTY CLERK OF COURT          Date
   Nevada State Bar No. 12728                     Regional Justice Center
16  HAND & SULLIVAN, LLC                           200 Lewis Avenue
   3442 N. Buffalo Drive                          Las Vegas, Nevada 89155
17  Las Vegas, NV 89129
   Tel: (702) 656-5814
18  Fax: (702) 656-9820
   Attorneys for Plaintiff
19

20

21

22

23

24  **NOTE:**    When service is by publication, add a brief statement of the object of the action.
25                    See Rules of Civil Procedure, Rule 4(b)

26

27

28

                                        2

Z:\USERS\SCD\Wyatt\Summons - Wyatt.doc